IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN D. WOSOTOWSKY,

        Plaintiff,

v.                                                                             Civil Action No.: 3:14–CV–68

TERRENCE O'BRIEN, Warden,

        Defendant.

## **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND DIRECTING CLERK TO PROVIDE PLAINTIFF *BIVENS* PACKET**

### I. INTRODUCTION

On February 9, 2015, this Court entered an Order granting Defendant's Motion to Dismiss and dismissed this case with prejudice. ECF No. 42. Thereafter, on July 6, 2015, Plaintiff filed *Pro se* a "Motion for Leave to File an Amended Complaint to Substitute and Rectify the Original Which was Dismissed." ECF No. 50. Plaintiff apologizes "to the court for being tardy filing [his Motion,]" and offers an explanation for the late filing. *Id.* Plaintiff asserts that the delay in filing the Motion was due to his being transferred from one facility to another and an eleven-day period before he was transferred when he did not have access to his legal papers. *Id.*

### II. BACKGROUND

This Court previously entered an Order granting the Defendant's Motion to Dismiss under Rule 12(b)(6) for failure to state a claim against Warden Terrence O'Brien. ECF No. 42 at 8–9. In the Order, the Court made it clear that "[a]ccording to the Plaintiff's complaint, the actions, or inactions, that led to the Plaintiff's alleged injuries stemmed from the allegedly negligent actions of correctional officers and prison medical staff. Yet, no one, other than the Defendant Warden, is named as a defendant in this action." *Id.* at 9. Plaintiff now seeks to amend his Complaint, pursuant

to Rule 15(a)(1)(2), to name five unknown corrections officers.[1] ECF No. 50; F.R.C.P. 15.

## III. DISCUSSION

Federal Rule of Civil Procedure 15(a)(1)(2) is clear: "The court should freely give leave when justice so requires." The Supreme Court of the United States has long held the importance of this concept, and sternly warned that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court went even further, finding, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*

The Fourth Circuit has found that a District Court abuses its discretion when it denies a plaintiff leave to amend his complaint where the amended complaint would state "a claim sufficient to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Francisco v. Doherty, Sheridan & Grimaldi, L.L.P.*, 178 F.3d 1283 (4th Cir. 1999) (vacating the district court's order that denied the plaintiff leave to amend and dismissed the case).

Other circuit courts have remanded *pro se* prisoner litigation cases when a district court did not give the plaintiff leave to amend his complaint. *See Brown v. Matauszak*, 415 F. App'x 608 (6th Cir. 2011). In *Brown*, the district court dismissed the plaintiff's case with prejudice for failing to state a claim; however, the Sixth Circuit held that the district court abused its discretion in not allowing the plaintiff an opportunity to amend his complaint. *Id.* The Court in *Brown* also noted that

---

[1] A plaintiff may name "John Doe" as a defendant when the identity of a defendant is unknown. Boyd v. Gullet, 64 F.R.D. 169 (D. Md. 1974). However, a district court is not required "to wait indefinitely" for the plaintiff to provide the defendant's true identity to the Court. Glaros v. Perse, 628 F.2d 679, 685 (1st Cir. 1980). The plaintiff has had sufficient time to identify all the defendants in this action. Moreover, beyond adding Jane/John Doe to the caption of his case, he has provided no information as to how or when Jane/John Doe violated his constitutional rights. Accordingly, the complaint against Jane/John Doe should be dismissed.

in other circuits, "if a complaint is vulnerable to a motion to dismiss, a district court must first permit the plaintiff to file a curative amendment, *even if* the plaintiff does *not* seek leave to amend." *Id.* at 615 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2007)). The Tenth Circuit similarly addressed this issue in *Wolf v. Petrock*. 382 F. App'x 674, 677 (10th Cir. 2010)). In Wolf, the court noted that "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991)). "Therefore, dismissal of a pro se plaintiff's complaint for failure to state a claim is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile." *Id.* (quotations omitted).

Here, Plaintiff's original Complaint named the warden of USP Hazelton as defendant in what was pled as a Section 1983 suit.[2] This Court granted the Defendant warden's motion to dismiss for failure to state a claim after weighing Plaintiff's claim under the *Saucier* test. *See Saucier v. Katz,* 533 U.S. 194 (2001). The Court noted that the warden's lack of personal knowledge supported finding that the Complaint lacked sufficient facts to draw an inference that the warden was deliberately indifferent to the Plaintiff's alleged established rights.

In the Court's previous Order granting the Defendant's motion to dismiss, it noted, "[a]ccording to the Plaintiff's complaint, the actions, or inactions, that led to the Plaintiff's alleged injuries stemmed from the allegedly negligent actions of correctional officers and prison medical staff. Yet, no one, other than the Defendant Warden, is named as a defendant in this action." ECF

---

[2] Although Plaintiff's original Complaint was framed as a Section 1983 claim, his Amended Complaint should instead be properly pled as a *Bivens* action. The Clerk will send Plaintiff the appropriate instructions and forms to file his amended complaint pursuant to *Bivens*. In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under §1983.

3

No. 42 at 9. Now, Plaintiff seeks leave to amend his complaint to include defendants who should have been named in this suit in his original Complaint.

After considering Rule 15, precedent in the Supreme Court, the Fourth Circuit, and other circuits, this Court concludes that, in the interests of justice, the Plaintiff's Motion for Leave to File an Amended Complaint should be granted.

### IV. Conclusion

For the foregoing reasons, the Plaintiff's Motion for Leave to File an Amended Complaint is hereby **GRANTED**. Plaintiff has **sixty (60) days** from the date this Order is entered to file his Amended Complaint consistent with this Order.

The Clerk is **DIRECTED** to transmit the packet containing Instructions for Filing a Federal Civil Rights Complaint (Bivens Action) to Plaintiff by certified mail.

**IT IS SO ORDERED**.

The Clerk is directed to transmit a copy of this order to the *pro se* Plaintiff by certified mail and to counsel of record herein.

DATE: October 21, 2015

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE