# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN D. WOSOTOWSKY,

    Plaintiff,

v.                                Civil Action No.: 3:14cv68

TERRENCE O'BRIEN, Warden,

    Defendant.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND DIRECTING CLERK TO OPEN A NEW CIVIL CASE IN WHICH TO DOCKET THE COMPLAINT

### I. Introduction

On February 9, 2015, the undersigned entered an Order granting Defendant's Motion to Dismiss and dismissed this case with prejudice.[1] Dkt.# 42.

Thereafter, on July 6, 2015, Plaintiff filed a *Pro se* "Motion for Leave to File an Amended Complaint to Substitute and Rectify the Original Which was Dismissed." Dkt.# 50. By Order entered October 21, 2015, the motion for leave to file the amended complaint was granted. Dkt.# 54. However, due to a docketing error, the Amended Complaint was filed in this closed civil case on December 14, 2015. Dkt.# 56. By Order entered by the undersigned on December 28, 2015, the Amended Complaint was dismissed without prejudice. Dkt.# 57.

On February 29, 2016, Plaintiff filed a Motion for Leave to File a Second Amended Complaint to Rectify the First Amended Complaint Dismissed for Not – Naming Defendants in a Timely Fashion [sic] (Dkt.# 60), attaching a memorandum in support and a new Complaint on a

---

[1] By Order entered December 1, 2014, the parties' joint motion to refer the case to the magistrate judge was granted. See Dkt.# 37.

court-approved Bivens form. In his motion, Plaintiff explains the difficulties he had in identifying the potential defendants and asks for his case to now proceed. Id. at 1.

## II. Background

The undersigned previously entered an Order granting the Defendant's Motion to Dismiss under Rule 12(b)(6) for failure to state a claim against Warden Terrence O'Brien. Dkt.# 42 at 8–9. In the Order, the Court made it clear that "[a]ccording to the Plaintiff's complaint, the actions, or inactions, that led to the Plaintiff's alleged injuries stemmed from the allegedly negligent actions of correctional officers and prison medical staff. Yet, no one, other than the Defendant Warden, is named as a defendant in this action." Id. at 9.

Plaintiff's Amended Complaint sought to amend pursuant to Rule 15(a)(1)(2), to name five unknown corrections officers.[2] Dkt.# 50; F.R.C.P. 15. Nonetheless, when Plaintiff filed his Amended Complaint, he only named six unknown correctional officers as defendants. Accordingly, in the December 28, 2015 dismissal order, Plaintiff was advised that

> despite clear instructions in the . . . Order granting his motion to amend. . . that the identities of the defendants must be determined for his case to go forward, and despite being given sixty additional days in which to determine those correctional officers' names, plaintiff has still not provided their identities to the Court. The plaintiff has had more than ample time to identify all the defendants in this action. Moreover, beyond adding multiple "Unknown Doe" "John Doe" defendants to the caption of his case, he has provided little information as to how or when each individual John Doe defendant violated his constitutional rights.

Id. at 6.

## III. Discussion

---

[2] In the October 21, 2015 Order granting leave to file the amended complaint, Plaintiff was advised that while a plaintiff may name "John Doe" as a defendant when the identity of a defendant is unknown. Boyd v. Gullet, 64 F.R.D. 169 (D. Md. 1974), a district court is not required "to wait indefinitely" for the plaintiff to provide the defendant's true identity to the Court. Glaros v. Perse, 628 F.2d 679, 685 (1st Cir. 1980). Further, Plaintiff was advised that he had already had sufficient time to identify all the defendants in this action.

Federal Rule of Civil Procedure 15(a)(1)(2) is clear: "The court should freely give leave when justice so requires." The Supreme Court of the United States has long held the importance of this concept, and sternly warned that "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). The Supreme Court went even further, finding, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Id.

The Fourth Circuit has found that a District Court abuses its discretion when it denies a plaintiff leave to amend his complaint where the amended complaint would state "a claim sufficient to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Francisco v. Doherty, Sheridan & Grimaldi, L.L.P., 178 F.3d 1283 (4th Cir. 1999) (vacating the district court's order that denied the plaintiff leave to amend and dismissed the case).

Other circuit courts have remanded *pro se* prisoner litigation cases when a district court did not give the plaintiff leave to amend his complaint. See Brown v. Matauszak, 415 F. App'x 608 (6th Cir. 2011). In Brown, the district court dismissed the plaintiff's case with prejudice for failing to state a claim; however, the Sixth Circuit held that the district court abused its discretion in not allowing the plaintiff an opportunity to amend his complaint. Id. The Brown Court also noted that in other circuits, "if a complaint is vulnerable to a motion to dismiss, a district court must first permit the plaintiff to file a curative amendment, *even if* the plaintiff does *not* seek leave to amend." Id. at 615 (citing Alston v. Parker, 363 F.3d 229, 235 (3rd Cir. 2007)). The Tenth Circuit similarly addressed this issue in Wolf v. Petrock. 382 F. App'x 674, 677 (10th Cir. 2010)). In Wolf, the court noted that "*pro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings." Id. (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991)). "Therefore, dismissal of a *pro se* plaintiff's complaint for failure to state a

3

claim is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile." Id. (quotations omitted).

Here, Plaintiff's original Complaint named only the warden of USP Hazelton as defendant in what was pled as a Section 1983 suit.[3] This Court granted the Defendant warden's motion to dismiss for failure to state a claim after weighing Plaintiff's claim under the Saucier test. See Saucier v. Katz, 533 U.S. 194 (2001). The Court noted that the warden's lack of personal knowledge supported finding that the Complaint lacked sufficient facts to draw an inference that the warden was deliberately indifferent to the Plaintiff's alleged established rights.

In the Court's first Order granting the Defendant's motion to dismiss, it noted "[a]ccording to the Plaintiff's complaint, the actions, or inactions, that led to the Plaintiff's alleged injuries stemmed from the allegedly negligent actions of correctional officers and prison medical staff. Yet, no one, other than the Defendant Warden, is named as a defendant in this action." Dkt.# 42 at 9. In his Amended Complaint, despite being advised in the Order granting him leave to amend that he needed to identify the defendants by name and clearly plead in what way they violated his constitutional rights, Plaintiff merely filed a "John Doe" complaint. The second dismissal Order noted Plaintiff's failures in this regard. Now, Plaintiff seeks leave to amend his complaint again, to include for the first time the names of the defendants who should have been originally named in this suit.

---

[3] Although Plaintiff's original Complaint was framed as a Section 1983 claim, his Amended Complaint was instead properly pled as a Bivens action. In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner suing federal actors, his claims properly fall under a Bivens cause of action as opposed to one under §1983.

After considering Rule 15, precedent in the Supreme Court, the Fourth Circuit, and other circuits, this Court concludes that, in the interests of justice, the Plaintiff's Motion for Leave to File a Second Amended Complaint should be granted in part. However, because Plaintiff's Motion to file the second amended complaint was filed in a closed case, a new civil case should be opened and the complaint filed there.

## IV. Conclusion

For the foregoing reasons, the Plaintiff's Motion for Leave to File an Amended Complaint is hereby **GRANTED in part**. Plaintiff has already attached his Second Amended Complaint to his motion. Plaintiff has also attached a memorandum, ostensibly in support of the motion, but it is apparent that the memorandum is actually a memorandum in support of the second amended complaint.

Accordingly, the Clerk of Court is **DIRECTED** to open a new civil case; docket the second amended complaint (Dkt.# 60-3) as the complaint in that case; and docket the Plaintiff's memorandum (Dkt.# 60-2), ostensibly in support of the motion, as the memorandum in support of the complaint.

**IT IS SO ORDERED**.

The Clerk is directed to transmit a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket.

DATE: March 3, 2016

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE